UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CLAUDE R. COX JR.**                                                                                       **PLAINTIFF**
**a/k/a/ LISA-LEE-DUKE**

**v.**                                                           **CIVIL ACTION NO. 3:12CV-P394-H**

**MRS. PRATHER** *et al.*                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Claude R. Cox Jr., a prisoner proceeding *in forma pauperis*, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). He also filed a "Motion to have a Sexual harassment added" to his case (DN 7) and a "Motion For A Federal Court Order For Personal Property" (DN 8). The Court construes these documents as motions to amend the initial complaint. Construed as such, the motions (DNs 7 & 8) are **GRANTED**.

This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). In its initial review, the Court will address the allegations contained in the complaint as well as the additional allegations contained in the subsequent motions to amend (DNs 7 & 8). For the reasons set forth below, the Court will allow one claim to proceed, will allow Plaintiff 30 days to amend one of his claims, and will dismiss the remainder of Plaintiff's claims.

**I. SUMMARY OF CLAIMS**

In his complaint Plaintiff names Mrs. Prather, a nurse at the Kentucky State Penitentiary (KSP), and Steve B. Hiland, a doctor at KSP, as Defendants in this action. He brings this action against Defendants in their individual capacities. As relief, Plaintiff asks for monetary damages, punitive damages, and for a medical transfer.

In his complaint Plaintiff states that on June 17, 2012, he "was having Bad chest pain's and Real Bad head acah's and I was also spiting up Blood and also passing Blood From Behind." He further states that Defendant Prather "Told The officer she would Be over here when she did pill call In a couple of hour's." According to the complaint, on the same date, Plaintiff saw Defendant Hiland and told him "about my Problem with spiting up Blood and . . . about my passing Blood From Behind." According to Plaintiff, Defendant Hiland "said that Is a Bumer." Plaintiff states that he fears for his life "and that They Do not care I feel that the K-S-P Medical Staff Is Really out too get me I Fear For my Safety and my Life." He further states that Defendant Hiland "puts me on some pills and Don't tell me what they are for or what the pills are . . . ." According to Plaintiff he was told by a doctor at "K-C-P-C" that he has a bad heart and, he contends, the medical staff at KSP "Don't Care."

In his "Motion to have a Sexual harassment added" to his civil complaint (DN 7), Plaintiff states the following:

> [I]t was 8-3-12 around 8:00 pm when nurse Mrs. Debbie Prather gave me my medications too me then she just went and asked me what I changed my Legal Name too she told the correctional officer what I went and had my name changed too I really feel that nurse Mrs. Debbie Prather Is making sexual remark's and sexual harassment statements toward my girl name and making the same remark's toward me just Because I had my Legal name changed In Court From Claude R. Cox Jr. to Mrs. Lisa-Lee-Duke and I feel that she feel's that is not or should not Be allowed and I feel that Nurse Debbie Prather has it in for me Because of my new Legal name Being Mrs. Lisa Lee Duke. She's thinks It is Funny But I take her Remark's about my name to Be sexual harassment.

In his "Motion For A Federal Court Order For Personal Property" (DN 8), Plaintiff raises an issue regarding his personal property, as well as additional medical and mental health issues. Regarding his personal property, Plaintiff states that "the KSP Property Room" has all of his

legal papers, legal addresses, legal phone numbers, personal letters, personal addresses, and pictures. He states that he really needs these items but that "they" refuse to give them to him.

Turning to the medical and mental health issues raised in DN 8, Plaintiff states that he wants Defendant Prather investigated because she "Does not Like me and she will not give me the proper medical treatment that I am entitled to By federal Law." According to Plaintiff, on July 26, 2012, Defendant Prather came to check on him but "refused to examine me and she also refused to give me my morning medications." Additionally, Plaintiff contends that

> the medical staff here at K-S-P Ky State Penitentiary has not given me the proper medical treatment and they have tried me on 2 kinds of mental health medication's and Both pill's were not the Right ones For me and they have about killed me twice. The mental health staff has, and I ask that you all get me out of here at KSP Before They end up killing me By not giving me the Proper medical treatment I need and I need too Be taken out of K-S-P Before the mental health doctor end's up killing me By pills she Don't ask me want I can take at all.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  LEGAL ANALYSIS

**A.**  *Failure To Return Documents*

Plaintiff contends that "the KSP Property Room" has all of his legal papers, legal addresses, legal phone numbers, personal letters, personal addresses, and pictures. He states that he really needs these items but that "they" refuse to give them to him. Plaintiff wants a "Federal court order" presumably directing the return of the listed documents.

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cnty. Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

As to his claim regarding refusal to return his legal papers, legal addresses, legal phone numbers, personal letters, personal addresses, and pictures, Plaintiff fails to state what constitutional or statutory right has been violated. He also fails to connect the alleged refusal to any of the named Defendants. Thus, Plaintiff has failed to state a claim as to the alleged refusal to return his documents and information, and this claim will be dismissed from this action.

**B.** *Sexual Harassment*

The crux of Plaintiff's sexual harassment claim is that Defendant Prather inquired as to what he changed his legal name to and then she told a correctional officer Plaintiff's new legal

name. Plaintiff feels that Defendant Prather thinks his name change is funny and that her inquiry and subsequent remarks about his new name constitute sexual harassment.

A claim of sexual harassment may implicate a prisoner's Eighth Amendment right against cruel and unusual punishment. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citations omitted). However, "[t]o prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005).

Sexual harassment that does not involve contact or touching fails to satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of an Eighth Amendment violation); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir. 1995) (allegations that a prison deputy made verbal comments about the plaintiff's body, his own sexual prowess, and his sexual conquests did not state a constitutional claim); *Jackson v. Grant Cnty. Det. Ctr.*, No. 2:10-CV-084-WOB, 2012 WL 2162611, at *2

(E.D. Ky. May 26, 2010) (allegations of a single spoken sentence and a gesture with sexual implications did not satisfy the objective component of an Eighth Amendment claim ). The Sixth Circuit has held that even minor isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See*, *e.g.*, *Jackson v. Madery*, 158 F. App'x at 661 (allegation that correctional officer rubbed and grabbed prisoner's buttocks in a degrading and humiliating manner was "isolated, brief, and not severe" and so failed to violate the Eighth Amendment); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment).

Furthermore, Plaintiff does not allege any physical injury as a result of the alleged sexual harassment. 42 U.S.C. § 1997e(e) precludes a claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *see also Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007) (recognizing that the majority of courts hold § 1997e(e) applies to all prisoner lawsuits).

For these reasons, Plaintiff's sexual harassment claim will be dismissed for failure to state a claim upon which relief may be granted

**C.** *Medical and Mental Health Treatment Claims*

The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from deliberate indifference to an inmate's serious medical needs since such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Flanory v. Bonn*, 604 F.3d at 253. "In order to state a cognizable

7

claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106; *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillian*, 503 U.S. 1 (1992); *Flanory v. Bonn*, 604 F.3d at 253. The objective component requires that the medical need be sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. at 8. The subjective component requires that the official's conduct be deliberately indifferent to Plaintiff's needs. *Farmer v. Brennan,* 511 U.S. 825; *Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt v. Reynolds*, 974 F.2d at 735. Deliberate indifference is a "state of mind more blameworthy than negligence." *Farmer v. Brennan,* 511 U.S. 835.

    1. *June 17, 2012, Medical Treatment*

According to the facts set forth by Plaintiff, it appears that he suffered from a serious medical condition on this date; bad headaches, spitting up blood, and passing blood from his "behind." He states that when he got sick on this date, the officer called Defendant Prather. She, according to Plaintiff, said she would be over to see him in a couple of hours when she did pill call. As to Defendant Hiland, Plaintiff states that he told Defendant Hiland about his symptoms. According to Plaintiff, Defendant Hiland remarked, "that Is a Bumer." Later in the complaint Plaintiff states that Defendant Hiland put him on some pills, but Defendant Hiland did not tell him what the pills were for or what they were. Plaintiff fails to state whether these pills were given to him in response to his June 17, 2012, medical need. Plaintiff states that he is afraid for

8

his safety and his life, and that the KSP medical staff is out to get him. From the Complaint it is unclear as to what treatment Plaintiff did or did not receive from Defendants for the alleged serious medical condition on June 17, 2012. At this point, the Court will allow this claim to proceed against both Defendants.

    2. *July 26, 2012, Medical Treatment*

Plaintiff contends that on July 26, 2012, Defendant Prather came to check on him in the early morning hour, but she refused to examine him or to give him his morning medications. Plaintiff's allegations as to this date fail to state any serious medical need or that Defendant Prather was indifferent to a known serious medical need of Plaintiff's. Accordingly, this claim will be dismissed from this action.

    3. *Mental Health Treatment*

Plaintiff makes allegations against the "medical staff" about treatment for his mental health problems. Plaintiff states that they have unsuccessfully tried him on two kinds of mental health medications "that have about killed me twice." He states that he needs to be taken out of KSP "before the mental health doctor end's up killing me By pill's she Don't ask me want I can take at all." In the amendment Plaintiff refers to the mental health doctor allegedly responsible for the asserted Eighth Amendment claim as "she." However, Plaintiff has named only one doctor as a Defendant in this case, and that is Dr. Steve B. Hiland. Thus, it is unclear who Plaintiff contends has been deliberately indifferent to his serious mental health needs. The Court will give Plaintiff 30 days in which to file an amendment clarifying the facts regarding this claim and the person(s) he contends were deliberately indifferent to his serious mental health needs.

## IV. ORDER

**IT IS ORDERED** that the claim regarding Plaintiff's medical care and treatment on June 17, 2012, shall proceed against both Defendants.

**IT IS FURTHER ORDERED** that within **30 days** of entry of this Memorandum Opinion and Order Plaintiff may amend his mental health treatment claim to provide more details including what he alleges was done wrong and who he contends violated his constitutional rights. Plaintiff's failure to file an amended complaint as to his mental health treatment claim within 30 days **will result in dismissal** of this claim. The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 form, affixing this case number on it for Plaintiff's use in amending the mental health treatment claim.

Finally, **IT IS ORDERED** that **all other claims are DISMISSED**.

The Court passes no judgment on the merits or ultimate outcome of this case. The Court will enter a separate Scheduling Order governing the development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.003