UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CLAUDE R. COX JR.**                                                             **PLAINTIFF**
**a/k/a/ LISA-LEE-DUKE**

**v.**                                                                **CIVIL ACTION NO. 3:12CV-P394-H**

**MRS. PRATHER** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM AND ORDER

Before the Court are various motions (DNs 25, 28, 29, 30 and 34).

*Motion to File Legal Argument*

Plaintiff filed what he captioned a "Motion File Legal Argument's" (DN 25).

In this motion Plaintiff states,

> I am also asking that the Court's Denide's the Defendant's motion and grant me the Right to File my Legal Right to go ahead and File my Legal — argument's That will prove and also show that I can prove their were on her medical part that of June the 17th of 2012 that she Failed to Do all the medical guideline's and I respectFully asking the Federal Court's to also grant me my (second motion ) to File all Legal case Law's that will prove my case and also grant me my (motion) to File my (motion) to prove their was Legal Right's that she Did (vioLate) anD) (The-Deliberate-Indifference) In giving me my meDicaLCaRe and I also am asking For the Court's too order the Defendant's Attorney to go ahead and File all motions Dealing with perTRail and all motions that Deal's with Discovery meterial's and I also Do swear under oath a true copy of the Legal motion's was Filed with the Defendent's Attorney . . . .

Thereafter, Plaintiff includes a list of case citations.

Because it is unclear what Plaintiff is asking the Court to do, this motion to file legal arguments (**DN 25**) is **DENIED**. The Court notes that Plaintiff is able to file any relevant legal arguments as allowed by this Court's Scheduling Order or the Federal Rules of Civil Procedure.

*Motions Regarding the Production of Plaintiff's Grievances*

Plaintiff filed a motion for protective order (DN 28). Responding to this motion, Defendant Prather filed a motion for order to issue a subpoena for Plaintiff's grievance records

(DN 29). Plaintiff thereafter filed a motion to stop Defendant's motion for a subpoena (DN 30). In reviewing these motions, it appears that Defendant Prather served upon Plaintiff a "Notice of Intent to Obtain Grievance Records" (DN 26). Therein, Defendant Prather sought to obtain from the records custodian at Kentucky State Penitentiary (KSP) "[a]ll inmate grievance records in the possession of the Kentucky Department of Corrections, including medical grievance records and documentation of the processing and disposition of all grievances, of the Plaintiff, Claude R. Cox, Jr. #155616." In response to Defendant Prather's notice, Plaintiff filed the motion for protective order and later the motion to stop Defendant's motion for a subpoena.

Plaintiff argues in his motion for a protective order (DN 28) that he wants this Court to do the following:

> keep all my medical grievances held By the Federal Privacy Act By Federal Regulation's and also by State Regulation's as well as the Federal Court Rule's of the Federal Court and I also prey that the Courts will grant my motion and that the Court's Denide's the Defendant Mrs. Debra Prather's motion to get copies of said medical grievance . . . .

Later, in his motion to stop the Defendant's motion for a subpoena (DN 30), Plaintiff states that he feels allowing Defendant to obtain copies of his grievances "will be violating my Civil Right's." He believes it is such a violation because Defendant Prather "DiD not have my written consent which she has not had asked For or have she had her attorney ask me . . . ."

Defendant Prather states that she has followed the proper procedures to obtain Plaintiff's grievance records as set forth by the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 C.F.R. § 164. 512(e). She further states that HIPAA permits the disclosure of health information for judicial and administrative proceedings and that the liberal discovery rules allow the discovery of the requested information. Defendant Prather argues that Plaintiff's grievance records are relevant in this case because Plaintiff has put his

2

medical condition and/or treatment at issue in this case. She further argues that she needs the grievance documents to determine whether Plaintiff has exhausted his administrative remedies in this case.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the present case, as to Defendant Prather, the Court allowed one medical treatment claim to proceed. Briefly, that claim involves Plaintiff's allegation that on June 17, 2012, he had bad headaches, was spitting up blood, and was bleeding from his "behind." According to Plaintiff, despite his requests for help Defendants failed to treat him. According to the applicable federal rule, Defendant Prather is entitled to the information that is reasonably calculated to lead to the discovery of admissible evidence. Defendant Prather's request for all of Plaintiff's grievances is overbroad in this action in which a very narrow claim has been allowed to proceed. However, she is entitled to information relevant to the proceeding claim. Accordingly,

As requested, Plaintiff's motions to prohibit the release of his grievances to Defendant Prather (**DN 28**) and his motion to stop the Defendant's motion for a subpoena (**DN 30**) are **DENIED**. As requested, Defendant Prather's request for "all inmate grievance records" (**DN 29**) is **DENIED**.

However, because Defendant Prather is entitled to some of the documents requested, **IT IS ORDERED that the appropriate records custodian for KSP permit the inspection or produce to counsel for Defendant Prather any and all grievances filed by Plaintiff, Claude R. Cox, Jr., #155616, involving any medical complaints or conditions and the treatment or**

3

**lack of treatment he received for such during the period of May 1, 2012, through August 31, 2012. This includes not only the grievance records themselves, but all documentation of the processing and disposition of these grievances**.

**IT IS FURTHER ORDERED** that counsel for Defendant Prather is permitted to complete and issue a subpoena consistent with this Memorandum and Order.

*"Motion on Pre Investigation's Introduction"*

Plaintiff has filed what he captions a "Motion on Pre Investigation's Introduction" **(DN 34)**. It appears that this document consists of interrogatory requests propounded to Defendant Prather, and the Court so construes this document. To the extent the Court is requested to take any action as to this motion, it is **DENIED. However, in construing this motion to be interrogatory requests propounded to Defendant Prather, Defendant Prather should also construe this document in the same way and respond in whatever manner she deems appropriate**.

Date:

cc:  Plaintiff, *pro se*
  Counsel of Record for Defendants
4412.003